**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HENRY PACHECO,

       Plaintiff,

vs.                                                    No. CV 19-01013 MV/KK

MARY LOU KERNS,
ROSE BERNAL,
MICHAEL THOMASON,
THE VIGIL MALDONADO DETENTION CENTER (VMDC),
all in the individual capacities,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on the Prisoners Civil Rights Complaint filed by Plaintiff Henry Pacheco (Doc. 1). The Court will dismiss the Complaint for failure to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1915(e)(2)(B). The Court will also grant Plaintiff leave to file an amended complaint within 75 days.

## BACKGROUND

Plaintiff is incarcerated at the Vigil Maldonado Detention Center in Raton, New Mexico. Doc. 1 at 1-2. In his Prisoners Civil Rights Complaint, he names four Defendants, Mary Lou Kerns, Rose Bernal, Michael Thomason, and the Vigil Maldonado Detention Center. *Id.* He asserts that the action is brought "pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (504)." *Id.* at 2. His prayer for relief seeks an award of compensatory damages, punitive damages, pre-judgment and post judgment interest,

1

attorney's fees and costs, interest from the date of violations, and a declaration that the wrongful treatment of Plaintiff was unconstitutional. *Id.* at 13.

Plaintiff's handwritten Complaint includes 12 pages of rambling and largely incoherent allegations regarding a variety of prison conditions and grievances. *Id.* at 1-12. The Complaint mentions a number of individuals but does not name those individuals as defendants and does not clearly identify the positions of those individuals or how their alleged actions relate to Plaintiff. *Id.* Last, the Complaint is accompanied by 88 pages of grievance forms and handwritten, unverified statements. *Id.* at 15-102.

## DISCUSSION

I.     Failure to Meet Pleading Requirements

To state a claim for relief, Rule 8(a) requires that a complaint contain (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," (2) "a short and plain statement of the claim showing that [he] is entitled to relief," and (3) "a demand for judgment for the relief [he] seeks." Fed. R. Civ. P. 8(a). A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir. 1996). The purpose of Rule 8(a) is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Imprecise pleadings undermine the utility of the complaint and violate the purpose of Rule 8. *Knox v. First Security Bank of Utah,* 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings that bury material allegations in "a morass of irrelevancies" do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann,* 477 F.3d at 1148.

Under Rule 10(c) of the Federal Rules of Civil Procedure, written instruments attached to a complaint are incorporated and made a part of the complaint. The types of exhibits contemplated by Rule 10(c) are written instruments, such as contracts, that provide the operative basis of the claim. *See Rose v. Bartle,* 871 F.2d 331, 339 n. 3 (3d Cir. 1989); *Perkins v. Silverstein,* 939 F.2d 463, 467 n. 2 (7th Cir. 1991). Thus, under Local Rule 10.4, exhibits are not to be attached to pleadings unless the documents form the basis of the action. D.N.M. LR-Civ. 10.4.

Here, Plaintiff's Complaint consists of 12 pages of handwritten, rambling statements and allegations, accompanied by 88 pages of documentary and handwritten exhibits. Further, his claims are largely incomprehensible, encompassing numerous matters ranging from faxing of documents to the condition of electrical cords to abuse by a former girlfriend to disciplinary proceedings to lack of sanitation in the pods. Accordingly, the Complaint does not contain a short and plain statement of the grounds upon which the Court's jurisdiction depends or a short and plain statement of the claims showing that Plaintiff is entitled to relief. Further, the voluminous attachments to Plaintiff's Complaint do not appear to be written instruments that provide the operative basis of the claim, and thus should not be attached to the Complaint. For these reasons, the Court will dismiss Plaintiff's Complaint for failure to comply with the requirements of Rules 8 and 10.

II.   Failure to State a Claim

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend

[the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile. *Id.*

Although citing to the Americans with Disabilities Act and the Rehabilitation Act, Plaintiff alleges that Defendants "violated his civil rights, degraded, harrassed, denied medical attention on multiple occasions." Doc. 1 at 3. Plaintiff's allegations thus are properly characterized as civil rights claims for violation of constitutional rights. As such, Plaintiff's claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).

4

There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Section 1983 does not allow claims against supervisors or entities under a theory of respondeat superior liability.  *See Cox v. Glanz*, 800 F.3d 1231, 1248 n.9 (10th Cir. 2015).  A § 1983 plaintiff can only impose liability upon supervisors or entity defendants that promulgate a policy that causes the constitutional deprivation.  *Id.* at 1248 (addressing supervisors); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the rule to entity defendants).  The same is true with respect to local-government entities.  To sue a supervisor or a local-government entity, Plaintiff must allege that an existing municipal custom or policy caused the excessive force.  *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).

Here, Plaintiff names the Vigil Maldonado Detention Center as a Defendant.  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  "[D]etention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under §1983."  *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) (unpublished).  *See also Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999) ("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983").  Vigil Maldonado Detention Center thus is not a proper party to this suit.

In addition, Plaintiff names three individuals as Defendants:  Mary Lou Kerns; Rose Bernal; and Michael Thomason.  Other than naming her as a Defendant, Plaintiff does not mention Kerns anywhere in the Complaint.  Plaintiff refers to Bernal twice in the body of the Complaint, identifying her as the jail administrator, and stating that he submitted multiple grievances to her and other jail officials "only to have many not returned in the specified time frame according to

the grievance policy." Doc. 1 at 3. Plaintiff identifies Thomason as a lieutenant and indicates that he is one of the other officials who received multiple grievances from him. *Id.* There are no other allegations in the body of the Complaint relating to Kerns, Bernal, or Thomason.

Plaintiff does not allege *any* conduct by Kerns, much less a connection between official conduct and the violation of a constitutional right. Thus, the Complaint does not state a § 1983 claim against Kerns. Further, prison grievance procedures do not create a protected liberty interest and thus do not implicate a prisoner's due process rights. *Murray v. Albany County Bd. of County Comm'rs,* No. 99–8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000) ("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'"). Accordingly, Plaintiff's allegations that Bernal and Thomason received grievances from him but did not return them in a timely manner do not state a § 1983 claim. Nor can Plaintiff state a § 1983 claim against *any* potential defendant for failing to respond to his grievances.

Finally, Plaintiff describes various prison conditions in his Complaint, such as faulty electric cords, flush toilets, doors, and fire escape plans, and alleges that they constitute cruel and unusual punishment. The alleged constitutional violation here – unsafe housing conditions – implicates the Eighth Amendment. The Eighth Amendment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). To demonstrate that prison conditions amount to cruel and unusual punishment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir. 1998). Conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, … [or] sanitation."

*Rhodes,* 452 U.S. at 348.  "[T]he length of exposure to the conditions is often of prime importance" in Eighth Amendment cases.  *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001).  "As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases." *Id.*

Applying these standards, the Court finds the Complaint fails to state a cognizable constitutional claim.  Plaintiff has not named any specific prison official with a "sufficiently culpable state of mind." *Craig,* 164 F.3d at 495.  The facts are also too conclusory to state an Eighth Amendment violation.  It is also not clear how the alleged conditions posed a risk to Plaintiff.  An inmate is required to "show that conditions were more than uncomfortable;" they must "instead … [impact] health or safety." *Despain,* 264 F.3d at 973–974.  For these reasons, the Complaint fails to state a cognizable conditions of confinement claim.

III.    Leave to Amend

The Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e).  However, the Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990).  Accordingly, the Court will permit Plaintiff to amend his complaint.

Plaintiff may file a single, legible amended complaint within 75 days of entry of this Order.  The short, plain statement of his claims must be contained within the form amended complaint that is provided to him, and Plaintiff may not use attachments to supplement or explain his claims.  Plaintiff should not attach anything to the amended complaint other than a written instrument that forms the basis of Plaintiff's claims.

Plaintiff is further advised that any amended complaint should "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).  If the defendant is an entity, the entity must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations." *Dubbs*, 336 F.3d at 1216.  If Plaintiff seeks to pursue a claim of unconstitutional conditions of confinement under the Eighth Amendment, his allegations must demonstrate that the conditions were objectively serious, and that specific, identified prison official defendants knew of, but disregarded, those conditions by failing to take reasonable measures to address them.

If Plaintiff fails to timely file an amended complaint or files a pleading that fails to comply with Rules 8(a) or 12(b)(6), the Court may dismiss this case with prejudice and enter final judgment.

## CONCLUSION

**IT IS ORDERED** as follows:

**(1)** The Prisoners Civil Rights Complaint filed by Plaintiff Henry Pacheco (Doc. 1) is **DISMISSED** for failure to comply with Rules 8 and 10 and failure to state a claim under Rule12(b)(6) or 28 U.S.C. § 1915(e)(2)(B).

**(2)** Plaintiff is **GRANTED** leave to file an amended complaint within 75 days after entry of this Memorandum Opinion and Order.

**(3)** the Clerk is **DIRECTED** to send Plaintiff a form prisoner civil rights complaint together with instructions.

MARTHA VAZQUEZ
Senior United States District Judge